**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| | : | |
| **THALIA L. SANTANA<br>a/k/a THALIA ROSARIO** | : | **BANKRUPTCY NO. 26-12030 (PMM)** |
| | : | |
| **Debtor** | : | |

**APPLICATION OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE, TO EMPLOY ABEL LAW PC AS SPECIAL COUNSEL PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND FED. R. BANKR. P. 2014**

Christine C. Shubert, Chapter 7 Trustee (the "Trustee") for the estate (the "Estate") of Thalia L. Santana a/k/a Thalia Rosario (the "Debtor"), hereby submits this application to employ Abel Law PC ("Abel") as special counsel pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014 (the "Application"), and in support thereof, respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application are proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014.

## BACKGROUND

### A. Procedural Background

4. On May 7, 2026 (the "Petition Date"), the Debtor filed for protection under Chapter 7 of the Bankruptcy Code.

5. On May 8, 2026, the Trustee was appointed which appointment remains in effect.

**B. The Equitable Distribution Claim**

6. Prior to the Petition Date, the Debtor filed a Complaint in Divorce against Manny Santana in the Philadelphia Court of Common Pleas – Family Division at Case ID: D23038561 (the "Complaint").

7. The Complaint contains a claim for the equitable distribution of marital property (the "Equitable Distribution Claim"). The Equitable Distribution Claim is property of the Debtor's bankruptcy estate.

8. The Trustee wishes to employ Abel as special counsel to prosecute the Equitable Distribution Claim for the benefit of the Estate.

9. Abel did not represent the Debtor prior to the Petition Date and never received any payments from the Debtor.

10. The Trustee requires assistance with this matter. The Trustee believes it is most cost-effective, efficient, and in the best interest of the Estate to hire professionals who possess specific skills and extensive experience and knowledge in this field. The Trustee believes that Abel has the necessary experience and methods to expeditiously handle this matter.

11. Accordingly, the Trustee seeks to employ Abel to assist her with this matter so that this bankruptcy proceeding can be administered in the most cost-effective manner with the maximum benefit for the Estate.

12. Abel will be paid at an hourly rate of $350.00 plus the reimbursement of expenses. The hourly rate of $350.00 plus the reimbursement of expenses is customary in the market for litigation of this nature and is the same rate Abel typically charges for other bankruptcy and non-bankruptcy engagements.

13. The Trustee will file an application with this Court in accordance with *In re Busy*

*Beaver Building Centers, Inc.*, 19 F.3d 833 (3rd Cir. 1994).

14. To the best of the Trustee's knowledge, Abel has no connection with the Debtor, creditors, or any other parties in interest, their respective attorneys or accountants pursuant to Fed. R. Bankr. P. 2014 except as set forth in the Verified Statement of Lawrence W. Abel, Esquire attached hereto as Exhibit "A" and made a part hereof.

**RELIEF REQUESTED**

15. By this Application, the Trustee requests that the Court enter an order authorizing her to employ Abel as special counsel to prosecute the Equitable Distribution Claim for the benefit of the Estate pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014.

16. Abel has not entered into any agreement to share such compensation as it may be awarded herein except as permitted under 11 U.S.C. § 504(b).

17. Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

18. Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with

> the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

19. Lastly, 11 U.S.C. § 328 provides in relevant part: "[t]he trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under Section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis." *See*, 11 U.S.C. § 328(a).

20. The Trustee contends that Abel's employment is necessary and in the best interest of the Estate.

21. The Trustee has determined that the services of Abel are needed and that the cost is warranted.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, the Trustee respectfully requests entry of an Order (i) authorizing the employment of Abel as special counsel and (ii) granting such other and further relief as this Honorable Court deems equitable and just.

**Respectfully submitted,**

**CHAPTER 7 TRUSTEE FOR THE ESTATE OF THALIA L. SANTANA a/k/a THALIA ROSARIO**

By: /s/ Christine C. Shubert
Christine C. Shubert
821 Wesley Avenue
Ocean City, NJ 08226
(609) 938-4191
christine.shubert@bmstrustee.onmicrosoft.com

*Chapter 7 Trustee*

Dated: September 8, 2026