# EXHIBIT "A"

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| **THALIA L. SANTANA a/k/a THALIA ROSARIO** | : | **BANKRUPTCY NO. 26-12030 (PMM)** |
| **Debtor** | : | |

**VERIFIED STATEMENT**

In accordance with Fed. R. Bankr. P. 2014, I, Lawrence W. Abel, Esquire, Esquire, hereby state as follows:[1]

1. I am an attorney duly admitted to practice in the Commonwealth of Pennsylvania.

2. I am the owner of Abel which has a mailing address of P.O. Box 2138, Philadelphia, PA 19103-0138.

3. To the best of my knowledge, information and belief, neither I, nor any member of Abel, have any connection with any party in interest, their respective attorneys or accountants, the United States Trustee or any person employed in the Office of the United States Trustee.

4. Abel never represented the Debtor and never received any payments from the Debtor.

5. Neither I, nor Abel, have any interest adverse to the Estate in the matters upon which the firm or myself are to be engaged.

6. Abel does not hold or represent an interest adverse to the estate and is a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code.

7. I caused Abel to research the firm's database to determine whether Abel had any relationships with the Debtor and the creditors listed on the matrix and determined Abel does not

[1] Capitalized terms used herein shall have the meanings ascribed to them in the Application.

represent the creditors in any capacity, related or unrelated to the Debtor's bankruptcy case or its estate. Abel has no adverse interest or connections with any creditor and is disinterested.

8. The hourly rate of $350.00 plus the reimbursement of expenses is customary in the market for litigation of this nature and is the same rate Abel typically charges for other bankruptcy and non-bankruptcy engagements.

9. Abel further understands and agrees that:

a. Abel and I are obligated to keep the Trustee fully informed as to all aspects of this matter, as the Estate is my client, not the Debtor, until such time as the claim in question is abandoned by the Trustee, as shown by a written notice of such abandonment.

b. All proceeds of any settlement or recovery must be paid to the Trustee in the first instance, and none may be disbursed without either approval in writing by the Trustee or an Order of the Bankruptcy Court.

c. If this Application for appointment is approved, any fees or reimbursement of costs for the proceeds of any recoveries will be paid by the Trustee only after approval by the Bankruptcy Court.

d. No settlements may be entered into or become binding without the approval of the Bankruptcy Court and the Trustee, after notice to the Trustee, creditors and parties in interest.

e. All issues as to attorneys' fees, Debtor's exemptions, the distribution of any recovery between the Debtor and the Trustee or creditors, or any other issue which may come to be in dispute between the Debtor and the Trustee or creditors are subject to jurisdiction of the Bankruptcy Court. Neither I, nor any other attorney or associate of Abel, will undertake to advise or represent the Debtor as to any such matters or issues. Instead, Abel will undertake to obtain the

best possible result on the claim, and will leave to others any advice or representation as to such issues.

f. Abel is not authorized to grant any "lien" upon, offer to protect payment of any claim for services out of, or otherwise pledge or encumber in any way any part of any recovery without separate Order of this Court, which may or may not be granted.

g. As part of this representation, I will need to hire experts to advise and assist in the conduct of prosecuting the Litigation, specifically, liability or forensic experts, vocational or economic experts, or other experts on issues of liability or damages. In this regard, I agree that:

i. I, or Abel, will pay or advance any fees or cost retainers required by such experts with the understanding that such payment or advance will be included as a cost in any subsequent fee application I, or Abel, will make to this Court.

ii. Such fees or expenses of such experts are subject to reimbursement only by the Estate, upon approval of this Court, to be paid as an administrative expense in this bankruptcy case pursuant to 11 U.S.C. § 726, out of proceeds of any settlement or recovery in connection to the prosecution of the Litigation.

10. I hereby declare under penalty of perjury that the foregoing statements made by me are true and correct.

**ABEL LAW PC**

By:____________________________
Lawrence W. Abel, Esquire

Dated: September 8, 2026